# EXHIBIT 1

# EXHIBIT 1

1  ARIEL E. STERN, ESQ.
   Nevada Bar No. 8276
2  MATTHEW I. KNEPPER, ESQ.
   Nevada Bar No. 12796
3  AKERMAN LLP
   1160 Town Center Dr., Suite 330
   Las Vegas, Nevada 89144
4  Telephone: (702) 634-5000
   Facsimile: (702) 380-8572
5  Email: ariel.stern@akerman.com
   Email: matthew.knepper@akerman.com
6  *Attorneys for Defendant Navient Solutions, Inc.*

7            UNITED STATES DISTRICT COURT
                DISTRICT OF NEVADA
8
9  JOHN J. SIMMS AND SHERRY J.            :
   SIMMS,                                 :
10                                        :
                Plaintiffs,               :   No. 2:15-cv-01808-GMN-PAL
11                                        :
         v.                               :   **AFFIDAVIT OF LORI UNGVARSKY**
12                                        :
   NAVIENT SOLUTIONS, INC. ,              :
13                                        :
                Defendant.                :
14

15       I, Lori Ungvarsky, affiant herein, hereby swear and affirm:

16       1.     I am over 18 years of age, competent to testify, and the information provided in

17  this Affidavit is based on my personal knowledge.  I make this Affidavit in support of the Motion

18  of Defendant, Navient Solutions, Inc., to Compel Arbitration and Stay Proceedings.

19       2.     I am an employee of Defendant, Navient Solutions, Inc. (**NSI**) and my current

20  position is Customer Advocate.  I am familiar with the recordkeeping and policies of NSI, and I

21  make this Affidavit on the basis of my personal knowledge or upon my review of the records of

22  NSI of which I am a joint custodian, which are maintained in the ordinary course of business,

23  and if called to testify, I could and would competently swear to such facts.

24                                     1

25

3.     NSI is engaged in the business of servicing student loans, and in the course of servicing student loans, it may take actions to collect repayment of those loans.

4.     In the course of my duties with NSI, I am familiar with the student loan of Ms. Sherry J. Simms (Redacted SSN: XXX-XX-3971) and Mr. John J. Simms (Redacted SSN: XXX-XX-6279) (**Plaintiffs**) serviced by NSI and the First Amended Complaint filed by the Plaintiffs in this action.

5.     On or about October 4, 2001, Sherry J. Simms (as borrower) and John J. Simms (as co-borrower) signed an SLM Financial Corporation Educational Loan Program Application. A true and correct, redacted copy of the Application is attached hereto as **Exhibit A**.

6.     On or about August 30, 2002, Sherry J. Simms (as borrower) and John J. Simms (as co-borrower) signed a SLM Financial Corporation Educational Loan Program Repayment Schedule and Truth-in-Lending Disclosure with respect to their loan application.  A true and correct, redacted copy of the Repayment Schedule and Truth-in-Lending Disclosure is attached hereto as **Exhibit B**.

7.     On or about August 30, 2002, Sherry J. Simms (as borrower) and John J. Simms (as co-borrower) signed a SLM Financial Corporation Educational Loan Program Promissory Note. A true and correct, redacted copy of the Note is attached hereto as **Exhibit C**.

8.     NSI's records reflect that an SLM Financial Corporation Educational Loan was disbursed on September 11, 2002, to Plaintiffs' chosen educational institution, The Academy of Tampa, for their benefit, in the original principal amount of $15,588.00 (the **Loan**).  NSI services the Loan on behalf of its current holder.

9.     The Note provides: "In this Promissory Note (hereinafter "Note"), the words "I," "me," "my" and "mine" mean the undersigned Borrower and Co-Borrower(s), unless the

2

1  language specifically refers to only one or the other. "You," "your" and "yours" means the

2  Lender, its agents, and any subsequent holder of this Note, and the agents of such persons.

3  (Exhibit C, Preamble).

4        10.    The Note also contains an arbitration agreement, which provides in relevant part:

5  **Arbitration Disclosure: By applying for a loan with you, I agree that, if a dispute arises with respect to this Note or my**

6  **application for a loan either you, I or third parties involved in a dispute with you can choose to have that dispute resolved by**

7  **binding arbitration as described under "Arbitration Provision" below.**

8                       * * *

9   

10  **Arbitration Provision**
    The provision covers any claim, dispute or controversy (whether in contract, regulatory, tort or otherwise, whether pre-existing,

11  present or future and including constitutional, statutory, common law, intentional tort an equitable claims) arising from or relating to

12  this Note or my application for a loan . . . . (collectively, a "Claim"). Any dispute concerning a Claim shall be resolved, upon

13  the election of you, or us or any third party, by binding arbitration under the applicable code of civil procedure (as in effect at the

14  time the Claim is filed) of the Arbitration Administrator I select as provided above.

15   

16  (Bold in original.) (Exhibit C, pgs. 6-7.)

17        11.    Based on my review of the business records maintained by NSI with respect to

18  Plaintiffs' account, I have determined that no rejection notice was ever received from Plaintiffs or

19  anyone acting on their behalf with respect to the arbitration agreement contained within the Note.

20        I declare under penalty of perjury under the laws of the United States of America and the

21  Commonwealth of Pennsylvania that the foregoing is true and correct.

22      ///

23      ///

24                        3

25   

1    Executed this _____ day of November at Wilkes-Barre, Pennsylvania.

2                                    Lori Ungvarsky

3    Sworn to and subscribed
     before me this 2nd day
4    of November, 2015.

5    _____
     Notary Public
6

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JAMES M AUSTIN
Notary Public
HANOVER TWP., LUZERNE COUNTY
My Commission Expires Mar 31, 2017

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                                   4

25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of November, 2015 and pursuant to FRCP 5(b), I deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **AFFIDAVIT OF LORI UNGVARSKY**, postage prepaid and addressed to:

GEORGE HAINES
DAVID H. KRIEGER
Haines and Krieger, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, NV 89123
ghaines@HainesandKrieger.com
dkrieger@HainesandKrieger.com
*Attorneys for Plaintiffs*

_____
An employee of AKERMAN LLP

5

# EXHIBIT A

10/04/2001 14:22   7275383082          THE ACADEMY OF TAMPA          PAGE 01
OCT-04-2001 02:50 PM  JOHN&SHERRY SIMMS     727 736 8108      P. 02

## SLM Financial Corporation

a Sallie Mae company
Account Repayment Program
Loan Application
Academy of Tampa

| Fax Application to: | Mail Application To: | SallieMae |
| 1-866-556-5394 | SLM Financial Corporation | |
| Call With Questions | PO Box 470 | Apply Online @ |
| 1-877-634-2851 | Marlton, NJ 08053-0470 | slmfinancial.com |

**Section A: Borrower Section**

| Loan Amount Requested | | | | | | |
|---|---|---|---|---|---|---|
| 11,500.00 (MAXIMUM) | Yes | No | | Yes | No | 18 |

Name: SIMMS  SHERRY  J                   -3971              61

Street Address: 2557 BLACKWOOD CIRCLE                    (727) 736-8196

City: CLEARWATER    FL  33763              COUNTRYSIDE     1-800-669-6607

                                                         (813) 396-3588

3,680.00      74,300.00                  16 Year 1 Month

Employer Name: US AIRWAYS   FLEET SERVICE MGT

Employer Address: TAMPA INT'L AIRPORT TAMPA FL      45,000.00

JERRI STODDARD   1274 ANDERANDA BOULEVARD TALLAHASSEE, FL 32308   (850) 656-4547   SISTER

LARRY RODRIGUEZ   129 KIANA DR, BRANDON, FL 33511   (813) 651-4158   FRIEND

JAY VOLPE   3193 MEADOW WOOD DR CLEARWATER FL (727) 726-3355   FRIEND

**Section B: Co-Borrower Section**

Relationship to Applicant: HUSBAND                         -6279

Name: SIMMS   JOHN  J        (727) 736-8196                 63

Street Address: 2557 BLACKWOOD CIRCLE

City: CLEARWATER    FL  33763              (813) 396-3200

3,680.00      74,300.00                  19 Year 1 Month

Employer Name: US AIRWAYS   FLEET SERVICE MGT

Employer Address: TAMPA INT'L AIRPORT TAMPA FL    58,000.00

Name: SIMMS   SHERRY  J       -3971        61

**Section D: School Section**

THE ACADEMY OF TAMPA     13560 ROOSEVELT BLVD. STE 103    (727) 538-3000    11,500
                         CLEARWATER, FL 33762

| 4324 | 10/01 | 10/02 | 10/05/01 | 10/02 |

School Certification: I have read and agree with above representation.
Signature of school official of program:

Todd Boyd, Director of Admissions
Date: 10/4/01

Borrower's Signature: _____ 11-4-01 Date
Co-Borrower's Signature: _____ 10-4-01 Date

# EXHIBIT B

SLM FINANCIAL CORPORATION EDUCATIONAL LOAN PROGRAM
REPAYMENT SCHEDULE AND TRUTH-IN-LENDING DISCLOSURE    Date: 8/29/02
2707

| BORROWER: | CO-BORROWER |
|---|---|
| SHERRY J SIMMS<br>SSN: ████-3971 | JOHN J SIMMS<br>SSN: ████-6279 |

In this disclosure the words 'you' and 'your' refer to Borrower and any Co-Borrower. Lender refers to **First Penn Bank**
located in the state of **PA**

The Lender has approved a Loan for  -15,587.77

The interest rate you will pay on the loan is the Prime Rate as published in the Wall Street Journal on the date printed on this Disclosure Statement or the Prime Rate effective on the first day of the month prior to your anniversary month plus **2.000%** (the Margin).

If you do not want this loan you must immediately return the funds and this form to your school's financial aid office or SLM Financial Corporation. If you return the funds you will not be obligated to repay this loan. The supplemental fee for this loan is **1.7865%**

Your current variable interest rate is **6.7500 %**   The Prime Rate used to calculate your variable interest rate was **4.7500 %**

TRUTH-IN-LENDING DISCLOSURE

| *ANNUAL PERCENTAGE RATE*<br>The cost of your credit as a yearly rate. | *FINANCE CHARGE*<br>The dollar amount the credit will cost you. | AMOUNT FINANCED +<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all scheduled payments |
|---|---|---|---|
| 7.9800 % | 10,998.92 | 15,314.18 | 26,433.09 |

| | |
|---|---|
| Additional Terms: | Please refer to your Promissory Note for additional information about non-payment, default, any required payment in full before the scheduled date, and prepayment refunds and penalties. |
| Late Charge: | If any part of a principal or interest payment is more than 15 days late, you will have to pay a late charge of 10.900the monthly payment or $20.00, whichever is greater. |
| Prepayment: | If you pay off the loan early, you will not have to pay a penalty. |
| Variable Rate: | The annual percentage rate may increase or decrease on the anniversary of this loan's disbursement date if the Prime Rate as published in The Wall Street Journal increases or decreases. Any increase may take the form of higher payments. Any decrease may take the form of lower payments. For example, assume that your loan is for $10,000 at 10.00% interest for 120 months. If the interest rate increased to 10.25% after one year, your monthly payment amount will increase from $132.15 to $133.43. |
| Check Return Fee: | If you make a payment by check and that check is returned unpaid for any reason, you will pay a charge of $ 20.00 for each check so returned. Such Check Return Fee may be added to your principal balance. |
| Deferment Fee: | You may request and the Lender, at the Lender's sole discretion, may grant you a Deferment under which you may defer a regularly scheduled payment for one or two months. If you request such Deferment and the Lender grants it, you agree to pay a $20.00 Deferment Fee. Such fee may be added to your Principal Balance. |
| Forbearance Fee: | You may request and the Lender, at the Lender's sole discretion, may grant you a Forbearance under which you may defer a regularly scheduled payment for up to six months. If you request such Forbearance and the Lender grants it, you agree to pay up to a $60.00 Forbearance Fee. Such fee may be added to your Principal Balance. |

These payment amounts are an estimated average.

YOUR PAYMENT SCHEDULE (which may change based on your funding date) WILL BE

| Number of Payments | Amount of Payments | When Payments Are Due<br>(Monthly Beginning) | | ITEMIZATION OF AMOUNT FINANCED + | |
|---|---|---|---|---|---|
| 12 | 10.00 | 9/29/02 | $ 15,314.18 | | Amount Financed |
| 179 | 146.19 | 9/28/03 | $ 273.59 | | Supplemental Fee |
| 1 | 145.08 | 8/28/18 | $ 15,587.77 | | Loan Amount |
| | | | | | |
| | | | SLM FINANCIAL CORPORATION | | |
| | | | (AS SERVICER FOR LENDER) | | |

By signing I acknowledge receipt of a completed copy of this disclosure.

X _~Sherry J Simms (signature)~_   8-30-02 Date    X _~John J Simms (signature)~_   8-30-02 Date
SHERRY J SIMMS                                JOHN J SIMMS

Sign and return to:
SLM Financial Corporation
PO Box 470
Marlton, NJ 08053-0470

JHA SM01Z  8/10/01
Page 3 of 4

# EXHIBIT C

SHERRY J SIMMS                                                                 8/29/02
                                                                               2707
**SLM Financial Corporation Educational Loan Program  -  PROMISSORY NOTE**  

See Paragraph XI.3 below for important state law notices, including a "Notice to Consumer" for Iowa and Kansas residents and a Vermont "Notice to Cosigner."

In this Promissory Note (hereinafter "Note"), the words "I," "me," "my" and "mine" mean the undersigned Borrower and Co-Borrower(s), unless the language specifically refers to only one or the other. "You," "your" and "yours" means the Lender, its agents, and any subsequent holder of this Note, and the agents of such persons. "Lender" refers to the Lender as identified on my Disclosure Statement. "School" means the school that the Student is attending. "Student" is the person whose education costs will be paid for by this loan.

**I.        PROMISE TO PAY**
I promise to pay you, according to the terms below: the sum of the Requested Loan Amount to the extent it is advanced to me, or on my behalf, (the "Loan Amount"); interest on the Loan Amount; interest on any unpaid accrued interest or capitalized interest added to the Loan Amount; Supplemental Fees, Late Charges, Returned Check Fees, and Payment Deferment/Forbearance Fees; and, in the event of default, Collection Costs all to the extent permitted by law.
**II.       INTEREST**
Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the Disbursement Date, on the principal balance advanced and on unpaid accrued interest added to the principal balance according to the Terms of Repayment below, until the principal balance and all accrued interest are paid in full. The Variable Rate will change annually on the anniversary of my loan's Disbursement Date. The Variable Rate is equal to the sum of the highest Prime Rate as published in The Wall Street Journal on the date printed on my Disclosure Statement, or on the first day of the month prior to my loan's anniversary month (the "Index") plus the percentage as identified on my Disclosure Statement per annum (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%). For example, the Variable Rate for any January anniversary date will be determined by the Prime Rate published in The Wall Street Journal and in effect for the preceding December 1st.  If The Wall Street Journal is not published or the Prime Rate is not stated, then the Index shall be determined by using the immediately preceding published Prime Rate.  If this Index ceases to be available you will choose a comparable substitute Index.
**III.      TERMS OF REPAYMENT**
1. Repayment Period Statements - I will make consecutive monthly payments in the amounts and on or before the payment dates established in my Disclosure Statement and shown on my monthly statements or in my coupon book until I have paid all of the principal and interest and any other charges I may owe under this Note.
2. I will repay my loan in no more than _____ 180 _____ installments of principal and interest equal to the amount necessary to amortize the unpaid principal and interest balance of my loan (as of the date of calculation) in equal monthly installments of principal and interest, or interest only when indicated on my Disclosure Statement, at the Variable Rate then in effect over the number of months remaining in the Repayment Period. The length of my repayment period, and the number of installments, will be identified on my Disclosure Statement. Alternatively, at your option, you may adjust the term of my loan first, then the repayment amount.
3. Amounts Owing at the End of the Repayment Period -  Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest and late charges at the end of the Repayment Period. In such case, I shall pay the additional amounts and you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.  Alternatively, at your option, you may adjust the term of my loan first, then the repayment amount.
4. Payments - Payments will be applied first to applicable charges and fees, accrued interest, and then to principal, as permitted by applicable law.
**IV.       SUPPLEMENTAL FEE**
You will charge me and I will pay an amount equal to the Supplemental Fee identified on my Disclosure Statement. The fee will be no more than _____ 1.7865 % of the Loan Amount. You will add the Supplemental Fee to the Loan Amount  or I will pay the Supplemental Fee at the time you issue my loan disbursement. I understand and agree that the Supplemental Fee is earned when it is assessed and I will not be entitled to any reimbursement of the Supplemental Fee unless I cancel this Note following the procedure in Section XII.
**V.        LATE CHARGES**
If any part of a principal or interest payment is more than _____ 15 _____ days late, you will have to pay a late charge of _____ 10.000% of the monthly payment or $20.00 _____, whichever is greater.
**VI.       CHECK RETURN FEE**
If I make a payment by check and that check is returned unpaid for any reason, I agree to pay a charge of _____ $20.00 _____ for each check so returned. Such Check Return Fee may be added to my principal balance hereunder and accrue interest at the rate provided in this Note, without notice.
**VII.      DEFERMENT / FORBEARANCE FEE**
I may request and you, at your sole discretion, may grant me a Deferment under which I may defer a regularly scheduled payment for a maximum of two months. If I request such Deferment and you grant it, I agree to pay a Deferment Fee not to exceed $20.00. Such fee may be added to my Principal Balance hereunder and accrue interest at the rate provided in this Note, without notice. I may request and you, at your sole discretion, may grant me up to 6 months of forbearance from making payments. If I request such forbearance and you grant it, I agree to pay a Forbearance Fee not to exceed $50.00. Such fee may be added to my Principal Balance hereunder and accrue interest at the rate provided in this Note, without notice.
**VIII.     COLLECTION COSTS**
I agree to pay you all amounts, including reasonable collection agency and attorney's fees and court and other collection costs, that you incur in enforcing the terms of this Note, up to the maximum permitted by law.
**IX.       RIGHT TO PREPAY**
I have the right to prepay all or any part of my loan at any time without penalty.
**X.        WHOLE LOAN DUE**
I will be in default and you will have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note, are due and payable at once, and to cease to make any further disbursements to me, if: 1) I fail to make any payment to you when due; or 2) I fail to notify you in writing of a change in my name, address, telephone number, or change of status of the Co-Borrower(s) (i.e. death or bankruptcy) within ten days after a change occurs; or 3) I break any of my other promises in this Note; or 4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or 5) I make any false written statement in applying for this loan or at any time during the Repayment Period; or 6) I (or the Co-Borrower(s) dies; or 7) I am in default on any loans I may already have with you, or on any loans I may have with you in the future. For Wisconsin residents only, I will be in default only, I will have the rights described above if I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date. I will also be in default if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under this Note.

My failure to receive a coupon book or a statement does not relieve me of my responsibility and obligation of making my required monthly loan payments in accordance with the terms and conditions of this Note. You may report the status of my loan and my payment history to credit reporting agencies. If I default, I will be required to pay interest on this loan accruing after default at the same rate of interest applicable to this loan prior to my default. The interest rate after default will be subject to adjustment in the same manner as before default.
**XI.       NOTICES**
1.  I will send written notice to you within ten days after any change in my name, address, or telephone number.
2.  Any notice required to be given to me by you will be effective when mailed by first-class mail to the latest address you have for me.
3.  I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to Borrowers and Co-Borrowers who live in the state on that date they sign this Note and to Borrowers and Co-Borrowers who are residents of the state.

ARIZONA: I agree to pay an effective rate of interest equal to the rate of interest applicable in this Note, as set forth in "Interest" above, plus any additional rate of interest resulting from any other fees or charges paid or payable by me in connection with this Note that may be deemed to be interest under applicable law.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis.

CALIFORNIA AND UTAH RESIDENTS ONLY: As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

GEORGIA: I waive any right to require the Lender to take action against the principal as provided in O.C.G.A. §9-7-24.

INDIANA: If I am in default, I will not be obligated to pay collection agency costs, attorney's fees, other collection costs, or court costs (unless independently awarded by the court).

IOWA RESIDENTS ONLY: If you are an Iowa resident and your Loan Amount is $25,000 or less, this is a consumer credit transaction.

IOWA AND KANSAS RESIDENTS: NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

KANSAS AND MAINE RESIDENTS: The provisions of this Note regarding when I will be in default do not apply. Instead I will be in default (a) If I fail to make a payment as required by this Note or (b) if the prospect of my payment or performance is significantly impaired (the burden of establishing the prospect of significant impairment is on the Lender).

MAINE: The provisions of this Note regarding the payment of collection agency costs, attorneys fees, other collection costs, and court costs do not apply to Maine residents. This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated on my Disclosure Statement, without regard to conflict of laws rules, and by applicable consumer protection laws of Maine, including the Maine Consumer Credit Code (other than laws relating to interest, fees, and charges).

MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under 12 U.S.C. §5 and related regulations and interpretations, which authority you expressly reserve.

MISSOURI: ORAL LOAN AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE TO PROTECT YOU (BORROWER(S) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THIS AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

NEVADA RESIDENTS: This is a loan for study.

NEW YORK: By signing as Co-Borrower I am acting as a "guarantor" and if there is default, I agree to pay all sums due as set forth in the Note. The Lender can collect this debt from me without first trying to collect from the Borrower.

NEW YORK, RHODE ISLAND, AND VERMONT: I understand and agree that you may obtain a consumer credit report in connection with updates, or renewals of credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

NEW JERSEY RESIDENTS ONLY: The Section headings of the Note are a table of contents and not contract terms. Portions of this Note with reference to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by which you are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

NORTH CAROLINA: By signing as a Co-Borrower I waive any right I have to require the lender to proceed in accordance with the provisions of N.C.G.S. 26-7 through 26-9 and acknowledge that the Lender may proceed directly against me without first proceeding against the Borrower or any collateral for the Loan.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy consumers and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

OKLAHOMA RESIDENTS ONLY: If I am in default and the total amount disbursed under this Note is greater than $3,600 (or any higher dollar amount established by law for the payment of such fees), I agree to pay the Lender's collection agency costs, attorneys fees, other collection costs and court costs up to 15% of the unpaid debt.

VERMONT: NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

VIRGINIA: By signing as Co-Borrower, I waive any right I have to require the Lender to proceed in accordance with provisions of 49-25 and 49-26 of the Code of Virginia and acknowledge that the Lender may proceed directly against me without first proceeding against the Borrower or any collateral for the Loan.

WEST VIRGINIA RESIDENTS: The provisions of this Note regarding the payment of collection agency costs, attorney's fees, other collections costs, and court costs do not apply.

WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of a marital property agreement (pre-marital agreement), a unilateral statement under Section 766.59 of the Wisconsin Statues, or a court decree under Section 766.70 adversely affects the interest of the creditor unless, prior to the time the credit is granted, the creditor is furnished a copy of the marital property agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred. (If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

4. This is a non-negotiable consumer note

XII.   ADDITIONAL AGREEMENT

1.  The proceeds of this loan will be used for the educational expenses at the School, including living expenses. I understand that when you accept this signed Note, you are not agreeing to lend me money and that there will be no such agreement until the time the loan is actually disbursed. You have the right to lend an amount less than the Requested Loan Amount and/or to accept or reject my Co-Borrower(s) or my application. I will be required to repay only the Loan Amount, plus Interest, any late charge, and other applicable charges.

2.  I understand that the Lender is located in the state identified on my Disclosure Statement and this Note will be entered into in that state. Consequently, the provisions of this Note will be governed by applicable federal laws and the applicable laws of that state, without regard to conflict of law rules. I agree that any suit I bring against you must be brought in the county in which you maintain your principal place of business. I agree that any suit against me in the event I default on this Note may, to the extent permitted by law, be brought in the county in which you maintain your principal place of business, regardless of where I am now living or where I may be living at the time of suit.

3.  Upon receipt of the Disclosure Statement, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you in writing within three days of receipt by me of the loan check to you; or if funds are transmitted electronically, I will instruct the School within three days of receipt by me of the Disclosure Statement, to return such funds to you.

4.  Without losing any of your rights under this Note you may accept (a) late payments, or (b) as permitted by law, partial payments, even if marked "payment in full", "without recourse" or similar language. You may delay or fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to any and all extensions, renewals, or releases of any party liable upon

this loan or any other loans I have outstanding with you, or waiver or modification that may be granted by you, all without affecting or releasing the borrower, cosigner(s) or the co-borrower(s) from such loans. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773 with a letter of explanation.

5.  If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

6.  Any provision of this Note maybe modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Note.

7.  I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

8.  If this Note is executed by more than one person, each person agrees that any communication between any and any of the persons will be binding on all of the persons and that the provisions of this Note will apply to all persons individually and collectively.

9.  All dollar amounts stated in this Note are in United States dollars. I will make all payments in United States dollars with no deduction for currency exchange.

10.  If I do not attend, fail to complete or am dissatisfied with the education program paid for with this loan, the Co-Borrower and I are not relieved of any obligation within or pursuant to this Note.

11.  I hereby waive all my defenses to this Note based on suretyship

12.  I consent to the use of my Social Security Number as an account number (identifier) throughout the life of my loan in order to record necessary data accurately.

---

**BORROWER'S/CO-BORROWER'S CERTIFICATION/AUTHORIZATION**

I declare that the information contained on my application is true and correct. I authorize the School to pay to you any refund which may be due me up to the Loan Amount. I certify that the loan proceeds will be used for educational expenses at the School, including living expenses. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting the Student's educational expenses related to attendance at the School. I understand that you may, at your option, either electronically transmit funds to the School to be applied to the Student's account or issue a check made payable to me and the School, and send it to the School. If funds are transmitted electronically, I authorize the School to transfer funds to the Student's account at the School. I, the Borrower, will receive a Disclosure Statement, incorporated herein by this reference, that identifies my actual Loan Amount (as determined by the Lender), repayment period, fee amounts and interest rates. I understand and agree that if the information on the Disclosure Statement conflicts with the information on this Note, the information on the Disclosure Statement applies. I also certify the following: I have read the materials explaining the Program that have been provided to me, and I understand and agree to the provisions of the Program and my rights and responsibilities under the Program.

**CORRECTION OF ERRORS**

All parties to this agreement agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, promissory note and Truth-In-Lending Disclosure Statement. In the event this procedure is utilized, all parties involved shall be notified and receive a corrected copy of the changed document.

**PRIVACY DISCLOSURE**

1.  I must update the information on my Application whenever you ask me to do so. I understand that if I default on my loan, disclosure of information about my loan to consumer reporting agencies may adversely affect my credit rating. Therefore, in order to maintain a good credit rating, it is to my advantage to comply with all my responsibilities under this Note.

2.  I authorize any school (that the Student may attend to release to you, any requested Borrower or Co-Borrower information pertinent to this loan (e.g., employment, enrollment status, current address). For the purpose of learning my current address and telephone number, I authorize you to release information and make inquiries to the individuals I have listed on my application as a reference. I authorize and consent to you, any other lender for loans that may be offered to me in the future, any subsequent holder of this note, any school, any guarantor any of their agents to share and release any information pertinent to this loan.

3.  I authorize you and your affiliates from time to time to request and receive from others credit-related information about my spouse if I live in a community property state. If I ask, you will tell me whether you have requested information from a consumer-reporting agency and will provide me with the name and address of any agency that furnished you with a report.

4.  I authorize you and your affiliates to share credit and other information about me with each other and with third parties. If I wish to revoke this authority, I will follow the procedures set forth in my lender's privacy policy.

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERE TO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

**Arbitration Disclosure.**

By applying for a loan with you, I agree that, if a dispute of any kind arises with respect to this Note or my application for a loan either you, I or third parties involved in a dispute with you can choose to have that dispute resolved by binding arbitration as described under "Arbitration Provision" below. If a party chooses arbitration, I will be entitled to select the Arbitration Administrator (i.e., the organization whose rules govern the arbitration and which will designate the individual arbitrator) from between the following groups:

| American Arbitration Association | 1-212-716-5870 |
| JAMS/Endispute | 1-800-352-5267 |

If I have questions, concerning these organizations, or wish a copy of their rules or forms, I should contact the telephone number listed next to their names. Once I have selected an Arbitration Administrator, the arbitration will be conducted in accordance with that organization's code of procedure. If arbitration is chosen by one of the parties with respect to a claim, dispute or controversy, neither you nor I will have a right to litigate that claim in court or to have a jury trial on that claim or to engage in prearbitration discovery except as provided in the code of procedure of the arbitration administrator. The arbitrator's decision will generally be final and binding. Other rights that I would have if I went to court may also not be available in arbitration. It is important that I read the Arbitration Provision below carefully before signing this Note

**Arbitration Provision.**

The provision covers any claim, dispute or controversy (whether in contract, regulatory, tort or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to this Note or my application for a loan or advertisements promotions or oral or written statements related to this Note or the program under which such a loan is or would be made, the relationships which result from this Note (including to the full extent permitted by applicable law, relationships with third parties who are not signatories of this Note) or the validity, enforceability or scope of this Arbitration Provision or the entire Note (collectively, "Claim"). Any dispute concerning a Claim shall be resolved, upon the election of you or us or any third party, by binding arbitration under the applicable code of procedure (as in effect at the time the Claim is filed) of the Arbitration Administrator I select as provided above. A party who has asserted a claim in a lawsuit in court may elect arbitration with respect to any Claim(s) subsequently asserted in that lawsuit by any other party or parties. There shall be no authority or right to have any Claims resolved on a class action basis and the arbitrator may only decide your or our Claim(s) and may not consolidate or join the claims of other persons who have similar claims. Any participatory arbitration hearing that I attend will take place in the federal judicial district in which I reside. If I am unable to do so, at our request, I will advance the filing and hearing fees charged by the Arbitration Administrator for any Claim I wish to file against you. The losing party in the arbitration will ultimately be responsible for paying these fees. Unless inconsistent with applicable law, each party will bear the expense of their respective attorneys', experts' and witness fees, regardless of which party prevails in the arbitration.

This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be covered by the Federal Arbitration Act ("FAA") (9 U.S.C. §§1-16). The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. This Arbitration Provision shall survive repayment of your loan. If any portion of this Arbitration Provision is deemed invalid or unenforceable under the FAA, it should not invalidate the remaining portions of this Arbitration Provision.

STATEMENT AND SIGNATURES: I have reviewed the information I have been presented in the Note and and certify that it is true, correct and complete to the best of my knowledge and belief. I authorize you, your agent(s) and affiliates, and the School from time to time to gather and share credit, employment, and other information about me from and with each other, consumer reporting agencies and third parties in accordance with applicable law. My authorization covers, without limitation, the sharing of any credit or other information from this Note or any information about the loan disbursed under this Note. I understand that a credit report is obtained for this loan application. I will not sign this Note before reading both sides of it even if otherwise advised. By signing this Note, I acknowledge that I have received an exact copy of it, that I have read it, and that I understand and agree to the terms and conditions of the Note printed on both sides of this Note, including the "Privacy Disclosure". A Co-Borrower is equally liable for this loan with the Borrower. THIS IS AN LOAN THAT MUST BE REPAID.

This agreement shall be effective when signed below or in counterpart, and photocopy, facsimile, electronic or other copies shall have the same effect for all purposes as an ink-signed original.

| | | |
|---|---|---|
| _____ (Seal) | 8-30-02 | _____ (Seal) | 8-30-02 |
| Signature of (Borrower) | Date | Signature of (Co-Borrower) | Date |
| SHERRY J SIMMS | | JOHN J SIMMS | |

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
Borrower's Social Security Number

_____ (Seal) _____
Signature of (Co-Borrower)      Date

15,587.77
Loan Amount